IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GAARIES WILLIAMS, | § | |
| | § | |
| v. | § | C.A. NO. C-11-195 |
| | § | |
| VETERANS AFFAIRS ADMIN., ET AL. | § | |

## OPINION AND ORDER OF DISMISSAL

In this civil action, plaintiff Gaaries Williams is suing the Veterans Affairs Administration ("VA") alleging that it violated his constitutional rights by failing to pay him back pay benefits that were promised. In addition, plaintiff is suing the Corpus Christi Police Department ("CCPD") alleging that it retaliated against him for previously filing a lawsuit against it and deprived him of his property. Pending is plaintiff's motion to proceed in forma pauperis. (D.E. 2). For the reasons stated herein, plaintiff's claims are dismissed.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 6), this case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 8); see also 28 U.S.C. § 636(c).

## II. BACKGROUND

Proceeding pro se, on June 1, 2011, plaintiff filed this action against the VA and CCPD, and sought leave to proceed in forma pauperis. An evidentiary hearing was conducted on June 10, 2011. Following the hearing, plaintiff submitted additional documentation. (D.E. 7). The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

A.   **Plaintiff's Allegations Against The VA.**

Plaintiff is a veteran of the United States Marine Corps. He was injured in April 1980, when he participated in the attempted rescue of American hostages from the United States Embassy in Tehran, Iran. Following his injury, in 1981, plaintiff applied for VA disability benefits. At some point, it was necessary for plaintiff to file suit to obtain those benefits, and his case was assigned to VA Administrative Law Judge Monroe in Washington, D.C. Judge Monroe advised the Houston VA office to settle with plaintiff. Sometime in 1996 or 1997, Mr. Aaron McLaughlon, a VA benefits adjuster, related to plaintiff that the VA would pay him $40,000 in partial settlement, and that any additional amounts owing for back pay would be determined at a later date. Plaintiff accepted the offer and was paid $40,000.

Currently, plaintiff receives approximately $2,832 a month from the VA. He claims that he is supposed to receive approximately $3,200 a month, but the VA notified him that it had overpaid him $30,000, and therefore, it is deducting $400 a month from his check.

Plaintiff claims that the VA owes him back pay from 1979 through 1997. He believes the amount owing is over $100,000.

B.   **Plaintiff's Allegations Against The CCPD.**

In 2006, plaintiff was arrested by CCPD officers on charges of child endangerment. He spent nine months in the Nueces County Jail, and he was then sent to state prison for another nine months. While in prison, in 2007, plaintiff filed a civil rights action against the CCPD, the Nueces County District Attorney, certain county judges, and other state officials seeking damages for his arrest and detainment. See Williams v. Dorsey, C-07-215 (S.D. Tex.). On August 26, 2007, plaintiff's § 1983 claims were dismissed as frivolous and for failure to state a

claim, and, to the extent he was attempting to raise habeas corpus claims, those claims were dismissed without prejudice. Williams v. Dorsey, C-07-215, 2007 WL 2461889 (S.D. Tex. Aug. 26, 2007) (unpublished).

In June 2007, plaintiff filed a habeas corpus petition challenging his criminal conviction. See Williams v. Quarterman, C-07-276 (S.D. Tex.). On March 19, 2008, this petition was dismissed for failure to exhaust state court remedies.

In August or September of 2010, plaintiff was driving his car on a state highway in Corpus Christi when it stopped working. He left his car to go call a tow truck to come assist him. While he was gone, his car was towed by the CCPD and taken to its impound lot. He could not afford to get his car out of the impound lot, and his request to get his personal possessions out of the car was denied.

In November or December of 2010, plaintiff received a letter from the CCPD that his vehicle was going to be auctioned. He wrote to Carlos Valdez, the city attorney for Corpus Christi, but did not receive any help. He claims that in his car was a letter from the VA that had deadlines to which plaintiff needed to respond. He claims that he only had sixty days to return a packet, but failed to do so because he could not obtain the VA materials from his car. Now he wants to hold the CCPD liable because it unconstitutionally took his mail and failed to return it, thus causing him to miss a deadline and lose money.

### III. DISCUSSION

A plaintiff's claims brought pursuant to an in forma pauperis complaint may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C.

3

§ 1915(e)(2)(B); accord Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002) (per curiam). Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases. James v. Richardson, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) (unpublished) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing Newsome, 301 F.3d at 231).

The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by th67e Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (per curiam) (citations omitted); accord Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

Plaintiff's pro se complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992); Newsome, 301 F.3d at 231. Pursuant to § 1915(e)(2)(B), a claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted). A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citation omitted). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. Denton, 504 U.S. at 32-33; Neitzke, 490 U.S. at 327-28. Therefore, the Court must determine whether the

plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. See Moore v. Mabus, 976 F.2d 268, 269-70 (5th Cir. 1992).

A.	**The Court Does Not Have Jurisdiction Over Plaintiff's VA Claims.**

The Fifth Circuit has noted that a federal court's jurisdiction to hear disputes involving veterans' benefits is narrowly limited in scope because Congress created a specific appellate review structure for disputes involving veterans and the Department of Veteran Affairs. Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995). Indeed, the Veterans Judicial Review Act provides in relevant part that "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a); see also Zuspann, 60 F.3d at 1158 (discussing § 511(a)). The only exception are challenges to the constitutionality of the statutes underlying the veterans' benefits program. Zuspann, 60 F.3d at 1158 (citing Johnson v. Robison, 415 U.S. 361, 367 (1974)). Thus, a federal court is without jurisdiction to consider a claimant's challenge to his individual VA benefits.[1] Id. (citation omitted).

In this case, plaintiff is not bringing a facial attack on the constitutionality of any statute addressing the calculation of veterans' benefits. Instead, he is merely complaining about a denial of benefits. He contends that the VA has reneged on an earlier promise to pay him benefits for the years 1979 through 1997, or has otherwise failed to pay him what he believes he is owed.

---

[1] Congress has set forth a specific procedure for challenging a determination of benefits. If the veteran disagrees with the Department's decision, the veteran may appeal by filing a notice of disagreement with the Board of Veterans Appeals. 38 U.S.C. § 7105. The Board's decision is the final decision of the Secretary. 38 U.S.C. § 7104(a). A veteran desiring to appeal the Secretary's decision must file a notice of appeal within 120 days from receipt of the decision. 38 U.S.C. § 7266(a). The Court of Veteran Appeals has "exclusive jurisdiction" to review the decisions of the Board of Veterans Appeals. 38 U.S.C. § 7252(a). Any appeals from the Court of Veteran Appeals must be filed with the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.

His claim is a direct challenge to the VA's determination of his individual benefits. Thus, the Court is without jurisdiction to hear plaintiff's claims, and therefore, his claims against the VA are dismissed without prejudice for lack of jurisdiction.

**B.      Plaintiff's Retaliation Claim Against The CCPD Fails To State A Claim.**

Plaintiff is suing the CCPD for allegedly retaliating against him for filing a previous lawsuit.

Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. See Perry v. Sinderman, 408 U.S. 593, 597 (1972). Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Bibbs v. Early, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted). "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995) (citation omitted). However, the Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." Adeleke v. Fleckenstein, 385 F. App'x 386, 387 (5th Cir. 2010) (per curiam) (unpublished) (citing Wood, 60 F.3d at 1166).

The Fifth Circuit has explained that "[t]he purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). However, some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person

from further exercise of his rights." Id. "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Id. For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted). The Fifth Circuit has further explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may be plausibly inferred.'" Id. (citation omitted).

Plaintiff sued the CCPD in May 2007, alleging that it had violated his constitutional rights because certain unidentified officers had harassed him. See Williams v. Dorsey, C-07-215 (S.D. Tex.). For example, he complained that the police arrested him for violating the protective order based on Ms. Hogan's allegations and would not listen to his side of the story. Id. at D.E. 20. He also complained that the police would not take action when his car was "stolen" by Ms. Hogan.

In a July 9, 2007 Memorandum and Recommendation, it was recommended that plaintiff's claims against the CCPD be dismissed without service because (1) CCPD, as a department, was not a proper party; and (2) plaintiff 's allegations against the City of Corpus Christi failed to allege an unconstitutional custom or policy.[2]  See id. at 12-14.  On August 26, 2007, the Court adopted this recommendation, and plaintiff's claims against the CCPD, the City of Corpus Christi, or any individual officer were dismissed.

In the instant action, plaintiff claims that the CCPD impounded his car on February 9, 2009 in retaliation for his filing the 2007 lawsuit.  However, because service was never ordered on any defendant concerning his 2007 claims, no defendant would have had knowledge of his lawsuit, and as such, no reason to retaliate against him for exercising his constitutional right of access to the courts.  That is, because his 2007 claims were dismissed without service, plaintiff cannot establish that, but for his filing the 2007 lawsuit, his car would not have been impounded.  As such, plaintiff fails to demonstrate any retaliatory motive or the "but for" causation necessary to state a retaliation claim.

In addition, plaintiff testified that his car was towed after it had stalled on a busy expressway.  Plaintiff left the vehicle to go call for assistance, and when he returned, it was gone, and he was informed that it had been impounded.  As such, the CCPD had a valid safety concern when it had plaintiff's vehicle removed from the highway.  Moreover, there is no indication that the CCPD knew at the time the car was towed that it belonged to plaintiff.  Plaintiff fails to state a retaliation claim.

---

[2] As in Williams v. Dorsey, the CCPD is not a proper party because it is a not a "person" for purposes of section 1983 liability.  See Darby v. Pasadena Police Dep't, 939 F.2d 311, 314 (5th Cir. 1991) (police departments are nonsuable entities under § 1983).  However, because plaintiff fails to state a retaliation claim, the Court need not substitute the City of Corpus Christi or otherwise attempt to identify individual officers as possible defendants.

**C.     Plaintiff's Claims For The Loss Of His Property Fails To State A Claim.**

Plaintiff claims that CCPD employees towed his vehicle from the highway. His request to retrieve his personal effects from the car before it was auctioned was denied. He seeks damages for the loss of his property.

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); accord Myers v. Klevenhagen, 97 F.3d 91, 94-95 (5th Cir. 1996) (per curiam). A claimant must either take advantage of the available remedies, or show that the available remedies are inadequate. Hudson, 468 U.S. at 535. Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420 (Tex. Civ. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights"). Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. See Hudson, 468 U.S. at 536. To the extent that he claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. Daniels v. Williams, 474 U.S. 327, 328 (1986). The burden is on plaintiff to show that the post-deprivation remedy is inadequate. Myers, 97 F.3d at 94.

Plaintiff has not filed suit in state court for conversion regarding his lost property. Additionally, he has made no allegation that Texas state post-deprivation remedies are inadequate. Thus, to the extent plaintiff is seeking compensation for the loss of his property, these claims are dismissed for failure to state a constitutional violation.

## IV.  CONCLUSION

For these reasons above, plaintiff's motion to proceed in forma pauperis, (D.E. 2), is denied. Additionally, the Court dismisses without prejudice plaintiff's claims against the VA, and dismisses with prejudice plaintiff's retaliation and denial of property claims against the CCPD.

ORDERED this 17th day of June 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE